UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV77-3-V
(3:99CR24-9-V)

| | |
|---|---|
| RODNEY EDWARD WALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255, (Document No. 1), filed March 1, 2004; the Government's Answer to Petitioner's Motion and Motion for Summary Judgment, filed July 1, 2004 (Document No. 6), and Petitioner's Motion to Amend and Supplement his § 2255 Motion to Vacate (Document No. 11) filed September 22, 2004. For the reasons stated herein, Petitioner's Motion to Supplement and Amend will be denied, the Government's Motion for Summary Judgment will be granted, and the Petitioner's Motion to Vacate will be denied and dismissed.

### 1. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on March 1, 1999, Petitioner and thirteen others were indicted on federal drug charges. Count One charged each of the defendants with Conspiracy to Possess with Intent to Distribute, and Distribute, Cocaine and Cocaine Base within 1, 000 feet of a Protected Area, in violation of 21 U.S.C. §§ 846, 841 (a)(1) and 860. The conspiracy occurred between January 1998 and March 1999, in and around Anson County, North Carolina. According

1

to the presentence report, the amount of the cocaine base involved in the conspiracy was between 100 and 200 kilograms. Count Four charged Petitioner and Shanell Willoughby with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), on or about July 1, 1998.

On April 28, 1999, Shanell Willoughby filed a written Motion to Suppress the evidence seized from her residence at 26 Cherry Street, in Wadesboro, North Carolina, as well as statements she made later that evening, and on the following morning. Petitioner was Shanell Willoughby's boyfriend and resided with her at 26 Cherry Street when the evidence in question was seized. After an evidentiary hearing, Magistrate Judge Horn issued a Memorandum and Recommendation denying the Motion to Suppress on the grounds that the affidavit was legally sufficient for probably cause and, in the alternative, that the good faith exception applied.

On October 18, 1999, jury selection began and counsel for Petitioner and Shanell Willoughby made an oral motion to suppress the evidence seized from the Cherry Street residence, and the statements made that evening. The District Court denied these motions and affirmed Magistrate Judge Horn's Order.

On October 26, 1999, Petitioner and Willoughby were convicted on Count One and Count Four. On November 8, 1999, Petitioner and Willoughby filed a written memorandum in support of their oral motion to suppress. On January 12, 2000, this Court filed its Order denying their Motion. Petitioner was sentenced on July 7, 2000 to a term of life in prison.

Petitioner and Willoughby jointly appealed their convictions. On April 29, 2002, the Fourth Circuit ruled on the various claims raised in defendants' appeal. With respect to Petitioner's sentence, the Fourth Circuit vacated and remanded in light of <u>Apprendi</u> and stated that he should be

resentenced to 60 years in prison. See United States v. Willoughby, 39 Fed.Appx. 28 (4th Cir. April 29, 2002) (hereinafter "Willoughby I"). Subsequently, the Court of Appeals granted the Government's motion for rehearing, and in an unpublished, per curium opinion, the court, in light of United States v. Cotton, 122 S.Ct. 1781 (2002), reinstated Petitioner's sentence that had been vacated in Willoughby I. See United States v. Willoughby, 41 Fed.Appx. 602 (4th Cir. July 30, 2002) (hereinafter "Willoughby II"). For Petitioner this meant reinstatement of his life sentence. Thereafter Petitioner's Petition for Writ of Certiorari was denied by the United States Supreme Court on February 24, 2003.

As previously noted, Petitioner filed the instant Motion to Vacate on March 1, 2004. By his Motion, Petitioner claims he was subjected to ineffective assistance of counsel in that his attorney: 1) should have objected to the Court's failure to instruct the jury on the elements of 21 U.S.C. § 860; 2) failed to object at sentencing to his life sentence when the maximum sentences he could have received was 20 years under Counts One and Four respectively; 3) failed to pursue his suppression issues in a timely and effective manner; and 4) should have objected to one of his prior convictions being used to enhance his sentence on the grounds that it was a misdemeanor simple possession conviction.

On September 22, 2004, Petitioner filed a Motion to Amend and Supplement his § 2255 Motion to Vacate seeking to amend on the ground that his counsel was ineffective during the appellate process and seeking to challenge his sentence under Blakely v. Washington.

**MOTION TO AMEND**

Rule 12 of the Rules Governing § 2255 proceedings states: "If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with

3

these rules ... and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure whichever it deems most appropriate." Because the Rules Governing § 2255 do not specify a procedure for amending motions, courts apply Rule 15 of the Federal Rules of Civil Procedure to motions to amend in a § 2255 case. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).

Rule 15(a) provides, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Generally, under Rule 15(a) leave to amend shall be freely given, absent bad faith, undue prejudice to the opposing party, or futility of amendment. See Forman v. Davis, 371 U.S. 178, 182,83 (1962); Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980).

According to the record, Petitioner's conviction became final on February 24, 2003, when the United States Supreme Court denied certiorari. Pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, the Petitioner had up to and including February 24, 2004 in which to bring all of his collateral challenges to his conviction and or sentence. Petitioner filed his Motion to Vacate on March 1, 2004, swearing under penalty of perjury that he placed the Motion in the prison legal mailbox for mailing on February 23, 2004. So it appears that Petitioner's motion to vacate was timely filed by one day. However, the motion to amend was not filed until September 22, 2004, nearly seven months after the one-year statute of limitation had passed.

When proposed claims in an amendment are barred by the statute of limitations, Rule 15© provides for the relation back of amendments to the original pleading under certain circumstances. Relation back is permitted when "the claim or defense asserted in the amended pleading arose out

4

of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed.R.Civ.P. 15(c)(2). Here, Petitioner's new claims of ineffective assistance of counsel relate to the performance of his counsel during the appellate process, while his motion to vacate concerns the ineffectiveness of his counsel during the trial. Counsel's ineffective performance during the trial cannot be said to be related to alleged ineffective performance during the appellate stage. See United States v. Pittman, 209 F.3d 314 (4th Cir. 2000); see also United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999) (counsel's failure to file an appeal as instructed did not relate back to ineffective assistance of counsel claims for failure to pursue a downward departure and to object to the types of drugs at issue); United States v. Duffus, 174 F.3d 333 (3rd Cir.1999) ( ineffective assistance of counsel for failure to move to suppress evidence did not relate back to several ineffective assistance of counsel claims in his original motion).

Petitioner's motion to amend is untimely in that it was filed seven months after the one-year statute of limitations expired. Moreover, the new claims contained in the motion to amend do not relate back to those filed in the motion to vacate. Because the amended claims regarding ineffective assistance of counsel do not relate back to the original motion to vacate, they are barred by the statute of limitations.

With respect to the amended claim regarding the Blakely challenge, the Court notes that it is aware of the recent pronouncements in Blakely. However, the Fourth Circuit Court of Appeals has concluded that Apprendi, the case from which the Blakely ruling is derived, cannot be retroactively applied in cases such as this. See United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Furthermore, neither the Fourth Circuit nor the United States Supreme Court yet has indicated that Blakely can be retroactively applied on collateral review. Thus, in light of Sanders,

it is likely that Blakely also will not be deemed to be retroactively applicable in the collateral review context. Therefore, since the Blakely sentencing claims to which the petitioner has alluded would not be cognizable in these proceedings, and therefore would be futile, and because the Motion to Amend was not timely filed in any event, the Court will deny his Motion to Amend.

## STANDARD OF REVIEW

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, and that there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 856 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields 956 F.2d at 1297. It petitioner fails to meet this burden, a "reviewing court need not consider the performance prong. Id. at 1290.

**A. Failure to Object to Omission of Jury Instruction**

Petitioner's first claim of ineffective assistance of counsel alleges that his attorney should have objected to this Court's failure to instruct the jury on the elements of 21 U.S.C. § 860. The Fourth Circuit addressed this issue when it rejected Petitioner's direct appeal. See Willoughby I at *30-31. The Fourth Circuit assumed without deciding that the Court gave insufficient jury instructions and that Petitioner's substantial rights were affected. Id. at *31. However, the Fourth

Circuit declined to notice the error "in light of the evidence introduced at trial establishing proximity" to protected areas. Id. An issue previously decided on direct appeal may not be raised on collateral review unless there has been an intervening change in law. See Boeckenhaupt, 537 F.2d at 1183.

Additionally, Petitioner has failed to establish ineffective assistance of counsel with respect to this claim. The law is clear that an attorney's failure to anticipate a new rule of law does not constitute ineffective assistance of counsel. United States v. McNamara, 74 F.3d 514, 517 (4th Cir. 1996); Honeycutt v. Mahoney, 698 F.2d 213, 217 (4th Cir. 1983). Both cases cited involve an attorney's failure to object to jury instruction where the law that would have formed the basis for such objections had not yet come into effect. The Fourth Circuit has extended its ruling on this issue to Apprendi claims as well. United States v. Smith, 64 Fed. Appx. 902 (4th Cir. 2003)(unpublished disposition); United States v. Haynewsowrth, 34 Fed. Appx. 133 (4th Cir.2002) (unpublished disposition).

As the Fourth Circuit noted in Willioughby I, prior to the Apprendi decision the fact that someone violated section 860 "was viewed as a sentence enhancement, rather than as an essential element." Willioughby I, ft.nt pg. 5. Since Petitioner's trial took place in October 1999, and Apprendi was not decided until June 26, 2000, Petitioner's attorney could not have ben expected to treat section 860 as anything other than a sentence enhancement. It is unreasonable to expect that Petitioner's attorney should have objected on the grounds that it should be treated as an element.

Failure to anticipate a change in the law and object on the basis of that anticipated change is not ineffective assistance of counsel. This claim is denied.

**B. Failure to Make Apprendi Objection at Sentencing**

7

Petitioner's second claim of ineffective assistance of counsel alleges that his attorney failed to object at sentencing to his life sentence. Petitioner seems to be arguing that since the grand jury did not indict him for possessing any specific amount of drugs, he could not receive an enhanced sentence based on the amount of drugs.

Petitioner was found guilty of Counts One and Four, which carry a maximum sentence of life if the Government proves that he participated in a drug conspiracy involving at least 50 grams of cocaine base. Additionally, in the instant case, an 851 notice had been filed by the Government subjecting Petitioner to mandatory life in prison. On July 7, 2002, this Court sentenced Petitioner to a life sentence on counts One and Four to be served concurrently. Petitioner contends that his counsel was ineffective for failing to object at sentencing to the life sentence because no specific drug amount had been charged in the Indictment. Petitioner's July 7, 2000, sentencing occurred less than two weeks after the Apprendi case was decided.

In Willoughby II, the Fourth Circuit affirmed the sentence the District Court imposed on Petitioner. The Fourth Circuit explained that there was "'overwhelming and essentially uncontroverted' evidence of [Petitioner's] participation in a drug conspiracy involving at least as great a drug quantity as is required to support the relevant § 841(b)(1) sentence maximum." The Court concluded that "[b]ecause there was overwhelming and essentially uncontroverted evidence that [Petitioner] participated in [a] drug conspirac[y] involving at least 50 grams of cocaine base, and because [Peitioner's] sentence did not exceed the statutory maximum, life in prison, allowable under § 841(b)(1)(A)", the Court could affirm Petitioner's original sentence. Willoughby II.

Even if Petitioner were able to establish that counsel's performance was ineffective for failing to object to his life sentence when no drug quantity had been charged in the Indictment,

8

Petitioner cannot establish the prejudice prong of Strickland because the Fourth Circuit, in Willoughby II, affirmed the original sentence imposed by this Court that it had previously vacated in Willoughby I. Additionally, the Petitioner was facing mandatory life due to his prior felony drug convictions. Therefore, this claim is dismissed.

**C. Failure to Pursue Suppression Claim Adequately**

Petitioner's third claim of ineffective assistance of counsel alleges that his attorney failed to file his own suppression motion but instead, just prior to trial, joined in a motion to suppress filed by a co-defendant's counsel. Petitioner also contends that when the district court denied counsel's request for a Franks hearing, his attorney should have appealed that decision to the Fourth Circuit.

First, Petitioner has failed to establish either prong of Strickland. If Petitioner were arguing that his attorney never filed a motion to suppress at all, he may have an argument. However, Petitioner's claim seems to be that his attorney should have filed his own motion to suppress. The Court is not concerned that counsel joined co-defendant's motion as opposed to filing his own motion to suppress. The Petitioner has not shown how counsel's performance was ineffective or how filing his own motion instead of joining in co-defendant's motion would have made the result different.

Next, Petitioner argues that his attorney should have filed a petition for a writ of mandamus to the Fourth Circuit when the District Court denied his motion for a Franks hearing.[1] It seems Petitioner's argument is that his attorney should have appealed the District Court's decision denying

---

[1] Franks v. Delaware, 438 U.S. 154 (1978) (to be entitled to a Franks hearing, a defendant must make a showing that: (1) a false statement, knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit; and (2) the offending information was essential to the probable cause determination.

9

his motion for a Franks hearing. However, an attorney may only appeal final decisions from the district court. See 28 U.S.C. § 1291. The District Court's order denying Petitioner's request for a Franks hearing is not a final decision. An attorney may also file an interlocutory appeal in certain limited circumstances, which are not present here. See 28 U.S.C § 1292. Therefore, Petitioner's claim that his attorney was ineffective for failing to appeal the District Court's decision denying his motion for a Franks hearing is without merit and must be dismissed.

Finally, even assuming Petitioner's counsel could have filed an interlocutory appeal on the Franks issue, the Fourth Circuit addressed the issue of whether evidence seized during the search of Shanell Willoughby and Rodney Wall's home and statements made as a result should have been suppressed. In Willoughby I, the Fourth Circuit held that this Court properly refused to suppress evidence seized pursuant to a search warrant from Rodney Wall and Shanell Willoughby's home and that the Court did not err in admitting statements to the police. The Court found that "there was no error in the evidentiary rulings. That being the case, an appeal of the District Court's decision would not have changed the result even if an appeal had have been permitted and therefore Petitioner cannot show the prejudice prong required by Strickland. Additionally as has already been noted in one of Petitioner's other claims, an issue previously decided on direct appeal may not be raised on collateral review unless there has been an intervening change in law. See Boeckenhaupt, 537 F.2d at 1183.

### D. Failure to Object to Prior Conviction

Petitioner's fourth and final claim of ineffective assistance of counsel alleges that his attorney should have objected to one of his prior convictions being used to enhance his sentence on the grounds that it was a misdemeanor simple possession conviction.

10

Petitioner provided no evidence to substantiate his conclusory claim that one of his two prior convictions was "a misdemeanor simple possession conviction." The presentence report clearly states that the conviction referenced by Petitioner was for "Felony Possession of Cocaine." See PSR at 4, ¶ 3.

Having failed to substantiate this claim or to satisfy the prongs of the Strickland test for ineffective assistance of counsel, this claim is dismissed.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion to Amend (Document No. 11) is denied, the Government's Motion for Summary Judgment (Document No. 6) is **GRANTED,** and Petitioner's Motion to Vacate (Document No. 1) is **DENIED AND DISMISSED**.

**Signed: June 10, 2005**

Richard L. Voorhees
United States District Judge