# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL DOCKET NO.: 3:99CR24

| | |
|---|---|
| RODNEY E. WALL (9), ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's "Motion Requesting the Withdrawal of the District Court's Judgment and Requesting to File a Certificate of Appealability in the Court of Appeals," filed September 7, 2005.

On October 26, 1999, a jury found Petitioner guilty of conspiracy to possess with intent to distribute cocaine and cocaine base within 1,000 feet of a school and/or a playground, in violation of 21 U.S.C. §§ 846, 860 (Count One) and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Four). On July 7, 2000, this Court sentenced Petitioner to life imprisonment on each Count, with the terms to be served concurrently. Judgment was entered on July 31, 2000, and Petitioner filed a Notice of Appeal on August 8, 2000. The Fourth Circuit affirmed this Court's Judgment in an opinion filed August 1, 2002. Subsequently, on March 1, 2004, Petitioner filed a Motion to Vacate, pursuant to Section 2255. This Court, in an Order dated June 10, 2005, granted the Government's Motion for Summary Judgment and dismissed and denied Petitioner's Motion to Vacate. Petitioner did not appeal the Court's June 10, 2005 Order.

1

Petitioner now asks the Court to withdraw its June 10, 2005 Order on the basis that the Court should not have construed Petitioner's Motion as one pursuant to Section 2255. Moreover, Petitioner argues that in light of his attorney's ineffective assistance of counsel, a certificate of appealability should be issued by the Court.

First, with regard to Petitioner's argument that this Court should not have construed his March 1, 2004 Motion as one pursuant to Section 2255, Petitioner relies on *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), contending that the Court was required to inform him prior to recharacterizing his motion as one pursuant to Section 2255. Notably, however, the *Emmanuel* court decision applies to motions filed by defendants where such motion is not characterized as one pursuant to Section 2255 but is essentially a defendant's collateral attack on his sentence. In such a case, a court is required to provide notice to a defendant prior to recharacterizing such motion as one pursuant to Section 2255. *Emmanuel* does not apply to the instant case because Petitioner clearly characterized his Motion as one pursuant to Section 2255. Specifically, Petitioner used a document titled " <u>Petition Under 28 U.S.C. § 2255</u> to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." (emphasis added). Furthermore, Petitioner filed a Memorandum with this Petition, which he titled, "Petitioner's Memorandum Brief in Support of <u>28 U.S.C. § 2255 Motion</u>." (emphasis added). Therefore, the Court did not "recharacterize" Petitioner's Motion. Consequently, the Court's construction of Petitioner's March 1, 2004 Motion as one pursuant to Section 2255 was not in error in light of the fact that the Court was responding to what Petitioner directly requested in both his Motion and his Memorandum in Support.

Second, Petitioner is again attempting to argue that his attorney provided ineffective

assistance of counsel. However, such claims are ordinarily brought under Section 2255 and this would be Defendant's second Section 2255 motion.[1] A defendant may not file a second or successive motion under Section 2255 unless a panel of the appropriate court of appeals has certified that the new motion will contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. §§ 2244, 2255; *see also* Rules Governing § 2255 Proceedings, Rule 4(b), 9(b).

Petitioner, however, has not received certification from the Court of Appeals for the Fourth Circuit to file a successive Section 2255 motion. Since the Court has construed Petitioner's instant motion as a Motion to Vacate, Set Aside or Correct Sentence pursuant to Section 2255, the Court cannot reach the merits of Petitioner's claims until he receives certification from the Court of Appeals for the Fourth Circuit either that Petitioner has newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found Petitioner guilty of the offense or that Petitioner's claims will contain a new rule of constitutional law that was previously unavailable and that the Supreme Court has made retroactive to cases on collateral review. 28 U.S.C. §§ 2244, 2255.

---

[1] The Court of Appeals for the Fourth Circuit's decision in *United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002), is distinguishable because, unlike in the *Emmanuel* case, this motion would not be Petitioner's first Section 2255 motion. *Id.* at 650 (finding no notice required where recharacterization has no adverse impact on movant).

Additionally, Petitioner's request that this Court file a certificate of appealability in the Court of Appeals is improperly directed to this Court. The Court of Appeals for the Fourth Circuit, not this Court, has the authority to issue such a certificate.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion Requesting the Withdrawal of the District Court's Judgment and Requesting to File a Certificate of Appealability in the Court of Appeals is hereby **DENIED** and **DISMISSED** without prejudice as successive.

**Signed: December 13, 2005**

Richard L. Voorhees
United States District Judge