UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-754-FDW
(3:99-cr-24-FDW-9)

| | |
|---|---|
| RODNEY EDWARD WALL, | ) |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on Petitioner's "Motion to Vacate Sentence Under 28 U.S.C. § 2255; Alternative Petition for Relief Under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*." (Doc. No. 2).

### I. BACKGROUND

Petitioner was found guilty following a jury trial of: Count (1), conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base within 1,000 feet of a protected area (21 U.S.C. §§ 841(a)(1), 851, 860); and Count (4), possession with intent to distribute cocaine base (21 U.S.C. § 851). (3:99-cr-24, Doc. Nos. 219, 305). The § 851 Notice was based on 1994 and 1995 North Carolina convictions for possession with intent to sell/deliver cocaine. (Id., Doc. No. 198). Petitioner was sentenced to life on each count, concurrent, followed by a total of 10 years of supervised release. (Id., Doc. No. 305). The Fourth Circuit Court of Appeals affirmed. United States v. Willoughby, 39 Fed. Appx. 28 (4th Cir. 2002), *modified on reh'g,* 41 Fed. Appx. 602. The United States Supreme Court denied certiorari. Willoughby v. United States, 123 S.Ct. 1251 (2003).

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, case number 3:04-cv-77, that was denied and dismissed. Wall v. United States, 2005 WL 8158022 (W.D.N.C. June 10, 2005). The Fourth Circuit dismissed Petitioner's appeal. United States v. Wall, 194 Fed. Appx. 117 (4th Cir. 2006). Petitioner sought reconsideration in the criminal case which was denied and the Fourth Circuit affirmed. United States v. Wall, 326 Fed. Appx. 209 (4th Cir. 2009).

Petitioner sought multiple sentence reductions that were denied. See (3:99-cr-24, Doc. Nos. 527, 528, 542, 548, 555, 640); see also United States v. Wall, 366 Fed. Appx. 470 (4th Cir. 2010).

Petitioner then filed a § 2241 habeas petition in the United States District Court for South Carolina which was dismissed without prejudice. Wall v. Owens, 2011 WL 704729 (D.S.C. Jan. 31, 2011), *report and recommendation adopted by* Wall v. United States, 2011 WL 703676 (D.S.C. Feb. 22, 2011). The Fourth Circuit affirmed. Wall v. United States, 438 Fed. Appx. 224 (4th Cir. 2011).

Petitioner filed the instant case in November 2012, arguing that the predicate conviction for possession of cocaine was not punishable by more than one year in prison pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and therefore he should not have received a mandatory life sentence under § 841. This Court denied and dismissed relief and Petitioner appealed. (Doc. No. 5). The parties filed a joint motion to remand, which the Fourth Circuit granted. (Doc. No. 9). The Government filed unopposed motions to stay this case pending the outcome of Surratt v. United States, 14-6851, then United States v. Wheeler, No. 16-6073, which were granted. See (Doc. Nos. 14, 16, 18).

Meanwhile, President Obama issued an Executive Grant of Clemency on August 3, 2016, that commuted Petitioner's sentence as of December 1, 2016, but left intact the term of supervised release. (3:99-cr-24, Doc. No. 649).

The Government filed its Response in opposition to the instant Petition now that Wheeler is final, 886 F.3d 415 (4th Cir. 2018), *certiorari denied* 139 S.Ct. 1318. The Government argues that the instant Petition should be denied as moot because Petitioner has been released from custody. (Doc. No. 23). Petitioner has not filed a Reply.

## II. DISCUSSION

Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); Nakell v. Attn'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Jud'l Cir. Court of Ky., 410 U.S. 484, 494–95 (1973). An incarcerated convict's or parolee's challenge to the validity of his conviction always satisfies the case or controversy requirement, but, once a convict's sentence has expired, some collateral consequence of the conviction must exist if the suit is to be maintained. Spencer v. Kemna, 523 U.S. 1, 7–8 (1998).

Petitioner's sentence of imprisonment has been commuted and Petitioner has been released from the Bureau of Prisons' custody. Petitioner assert no collateral consequences upon which § 2255 or 2241 relief should be granted, so no case or controversy presently exists. See United States v. Hardy, 545 F.3d 280, 284 (4th Cir. 2008); see, e.g., Williams v. United States, 2018 WL 1612203 (W.D.N.C. April 3, 2018). Because there is no live case or controversy before the Court, the instant Petition will be dismissed as moot.

## III. CONCLUSION

For the foregoing reasons, the instant Petition is dismissed as moot.

**IT IS, THEREFORE, ORDERED** that:

Petitioner's "Motion to Vacate Sentence Under 28 U.S.C. § 2255; Alternative Petition for Relief Under 28 U.S.C. § 2241; Alternative Petition for Writ of *Coram Nobis*; and Alternative Petition for Writ of *Audita Querela*," (Doc. No. 2), is **DISMISSED** as moot.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 24, 2019

Frank D. Whitney
Chief United States District Judge